[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13846
_____

Agency No. A039-056-919


LANNIE GORDON,

                                                                        Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 10, 2017)

Before TJOFLAT and WILSON, Circuit Judges and ROBRENO,[*] District Judge.

TJOFLAT, Circuit Judge:

---

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennyslvania, sitting by designation.

Petitioner Lannie Gordon ("Gordon") petitions for review of the Board of Immigration Appeals' ("Board" or "BIA") order upholding the Immigration Judge's ("IJ") finding that his conviction for violating Florida Statute § 893.13(1)(a) constituted an aggravated felony and therefore rendered him removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii).  We grant his petition, and reject the Board's finding of removability.

## I.

Gordon is a citizen of Guyana and a lawful permanent resident of the United States since 1985.  On October 23, 2014, Gordon pleaded guilty to two counts of Sale or Delivery of Cannabis in violation of Florida Statute § 893.13(1)(a).  The two counts read in pertinent part:

1. On or about May 15, 2014 in Lee County Florida, did unlawfully sell or deliver, for monetary consideration, a controlled substance, to-wit: Cannabis, contrary to Florida Statute 893.13(1)(a) . . .

3. On or about May 21, 2014 in Lee County Florida, did unlawfully sell or deliver, for monetary consideration, a controlled substance, to-wit: Cannabis, contrary to Florida Statute 893.13(1)(a) . . .[1]

Gordon was sentenced to two years of State probation for the convictions.[2]

Shortly after the convictions and sentencing, on January 22, 2015, the Department

---

[1] The counts are marked "1" and "3" because that same day Gordon was also convicted for two counts of Possession of Marijuana (not more than 20 grams) in violation of Florida Statute § 893.13(6)(b).

of Homeland Security served Gordon with a Notice to Appear ("NTA") for removal proceedings.  The NTA alleged Gordon was removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony offense related to illicit trafficking in a controlled substance as defined in INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), and described in section 102 of the Controlled Substance Act, which included a drug trafficking crime as defined in 18 U.S.C. § 924(c).  The IJ found Gordon removable as charged, concluding that Mr. Gordon's convictions under Florida Statute § 893.13(1)(a) constitute illicit trafficking as defined in 8 U.S.C. § 1101(a)(43)(B).  Gordon appealed to the BIA, which dismissed the appeal, agreeing with the IJ's determination that the convictions for selling or delivering cannabis for "monetary consideration" qualified as illicit trafficking convictions.[3]  Gordon now seeks

---

[2] On October 30, 2014, Gordon was convicted in the Twentieth Judicial Circuit Court, Charlotte County, Florida, for Aggravated Assault with a deadly weapon in violation of Florida Statute § 784.021.  He was sentenced to two years of State probation for the offense.

[3] In accordance with the NTA's additional allegation, the IJ also concluded that Gordon was removable pursuant to INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude not arising out of the same scheme of misconduct.  On appeal, the Board limited its removability analysis to the illicit trafficking conviction under § 237(a)(2)(A)(iii), and chose not to address whether Gordon was also removable under INA § 237(a)(2)(A)(ii) for convictions of crimes involving moral turpitude.  "When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the immigration judge's decision."  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).  Because the BIA declined to address whether Gordon was also removable under INA § 237(a)(2)(A)(ii) for convictions of crimes involving moral turpitude, we do not address that issue here.

3

review of the Board's decision, arguing that the Board misapplied the modified categorical approach to find him removable as an aggravated felon.

"When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the immigration judge's decision," in which case we review the IJ's decision as well. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Here, the Board did not expressly adopt the IJ's opinion.

"We review de novo whether a conviction qualifies as an 'aggravated felony.'" *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335 (11th Cir. 2011) (citation omitted). To assess whether Gordon's state conviction was an aggravated felony conviction, the Board first had to decide whether § 893.13(1)(a) is divisible and thus subject to the modified categorical approach instead of the categorical approach in comparing the elements of § 893.13(1)(a) with the elements of the corresponding aggravated felony of "illicit trafficking in a controlled substance." *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1177 (11th Cir. 2016) (citing *Moncrieffe v. Holder*,——U.S. ——, 133 S. Ct. 1678, 1685, 185 L. Ed. 2d 727 (2013)).

A state statute is divisible when it "lists a number of alternative elements that effectively create several different crimes." *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1281 (11th Cir. 2013). Conversely, a state statute is indivisible when it contains a single set of elements that are not set forth in the alternative. *Descamps v. United States*,——U.S. ——, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013).

4

Such a statute remains indivisible even if it "enumerates various factual means of committing a single element." *Mathis v. United States*,—U.S. ——, 136 S. Ct. 2243, 2249, 195 L. Ed. 2d 604 (2016).

Under the categorical approach, the court examines solely "whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Moncrieffe*, 133 S. Ct. at 1684 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186, 127 S. Ct. 815, 818, 166 L. Ed. 2d 683 (2007)). The court must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime," and conviction under the state statute will only constitute a conviction for the generic offense "if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 133 S. Ct. at 2281. "If the statute can be violated by an act that does not fit within the generic offense, then the statute cannot qualify as an aggravated felony under the categorical approach, and this is true even if the actual conduct of the defendant fell within the generic crime." *Spaho*, 837 F.3d at 1177 (citation omitted).

Under the modified categorical approach that applies to statutes that are divisible into alternative crimes, however, the court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction" and then "do what

the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.* (quoting *Descamps*, 133 S. Ct. at 2281).

In determining divisibility, we focus primarily on the statutory text. *See United States v. Howard*, 742 F.3d 1334, 1346 (11th Cir. 2014). Section 893.13(1)(a) provides in relevant part that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." The text delineates six discrete alternative elements: sale, delivery, manufacture, possession with intent to sell, possession with intent to deliver, and possession with intent to manufacture. Accordingly, as we held in *Spaho*, the statute is divisible. 837 F.3d at 1178.

Thus, the question at hand is whether—using the modified categorical approach—the Board properly determined that Gordon's conviction constitutes an "illicit trafficking" aggravated felony. Some of the alternative elements set forth in § 893.13(1)(a) involve "illicit trafficking" and some do not. *Id.* An "illicit trafficking" aggravated felony includes "any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing of any controlled substance." *Id.* (quoting *In re Davis*, 20 I. & N. Dec. 536, 541 (B.I.A. May 28, 1992)). "[U]nlawful trading or dealing" requires commercial conduct. *Id.* (citing *Davis*, 20 I. & N. Dec., at 541); *see also Lopez v. Gonzales*, 549 U.S. 47, 53, 127

6

S. Ct. 625, 166 L. Ed. 2d 462 (2006) ("'[T]rafficking' means some sort of commercial dealing."). Accordingly, in *Spaho*, we explained that "[t]wo of the alternative elements of § 893.13(1)(a), sale and possession with intent to sell, are inherently commercial and qualify under the definition of an illicit trafficking aggravated felony while the other four alternatives may not be commercial and may not qualify." 837 F.3d at 1179.

The United States Attorney General argues that the disposition of this case is dictated by our determination in *Spaho* that a conviction for "sale" under § 893.13(1)(a) qualifies as an aggravated felony. We disagree. Gordon was convicted for "unlawfully sell[ing] *or deliver[ing]*, for monetary consideration, a controlled substance . . . contrary to Florida Statute 893.13(1)(a)." (emphasis added). Under Florida law, "sale and delivery of controlled substances are separate offenses with separate definitions." *State v. Mena*, 471 So. 2d 1297, 1299 (Fla. Dist. Ct. App. 1985). Delivery, unlike sale, does not include an element of consideration, *see id.*, and thus a conviction for delivery of a controlled substance under § 893.13(1)(a) does not qualify as an aggravated felony.

The modified categorical approach only allows courts to "to examine a limited class of documents to determine *which of a statute's alternative elements* formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2284 (emphasis added). Here, those documents, which were relied upon by the

7

Board, do not disclose whether Mr. Gordon was convicted for violating the element of sale or for violating the element of delivery.  Because the Board had to "'presume that the conviction rested upon nothing more than the least of the acts criminalized' under the state statute," *Mellouli v. Lynch*,——U.S. ——, 135 S. Ct. 1980, 1986, 192 L. Ed. 2d 60 (2015) (quoting *Moncrieffe*, 133 S. Ct. at 1684–85), it had to presume that the conviction was for delivery, and accordingly not an aggravated felony.

Further, the Board's conclusion that the crime was an aggravated felony because the sale or delivery was "for monetary consideration" is meritless.  That the sale or delivery was "for monetary consideration" does nothing to assist us in determining "which of a statute's alternative elements"—sale or delivery— "formed the basis of the defendant's prior conviction."  *Descamps*, 133 S. Ct. at 2284.  The Supreme Court has made clear time and time again that "[a]n alien's actual conduct is irrelevant to the inquiry."  *Mellouli*, 135 S. Ct. at 1986.  As the Board did not appropriately determine that Gordon was convicted of an aggravated felony, we grant Gordon's petition and reject the Board's finding of removability.

**PETITION GRANTED.**

8