[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12970
Non-Argument Calendar

_____

Agency No. A023-216-576


RAMON JESUS LANTES GONZALEZ,

                                                                        Petitioner,


versus


U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 6, 2018)

Before MARCUS, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Ramon Jesus Lantes Gonzalez petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the denial by the Immigration Judge ("IJ") of his motion to reopen his immigration proceedings. We dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

Gonzalez, a native and citizen of Cuba, was paroled in the United States in 1980 and granted lawful permanent resident status in 1986. In 1995, he pled guilty to, and was convicted of, two counts of delivery and one count of possession of cocaine, in violation of Florida law. The state court sentenced him to 17 months of imprisonment. In 1996, authorities served Gonzalez with an Order to Show Cause, charging him with deportability under Section 241(a)(2)(A)(iii), (B)(i) of the Immigration and Nationality Act ("INA"), because he had been convicted of both "aggravated felonies" and violations of "controlled substance" laws after his entry into the country.

In May 1997, the government moved to pretermit Gonzalez's anticipated motion for relief under INA § 212(c). After a hearing, in October 1997, the IJ issued an order stating that, on "the basis of [Gonzalez's] admission," he had determined that Gonzalez was deportable as charged. After further stating that he had "made no application for relief from deportation," the IJ ordered that Gonzalez be deported from the United States. Gonzalez did not administratively appeal this

2

ruling; instead, less than 90 days later, he moved to reopen and reconsider. The IJ denied his motion to reopen, stating that "[n]o substantial grounds [had] been advanced to warrant its grant." Gonzalez did not administratively appeal this ruling; rather, he filed a motion for clarification, stating that the IJ's order did "not appear to rule on or consider" his claim for withholding of deportation. In February 1998, the IJ denied his motion for clarification, noting that the statute precluded him "from applying for political asylum as well as for withholding of deportation." Gonzalez did not appeal this ruling to the BIA.

In 2009, Gonzalez, proceeding pro se, filed a second motion to reopen his immigration proceedings. The IJ denied his motion as both untimely, because it was filed more than 90 days after the final 1997 order, and as number-barred, because an alien is only permitted to file one motion to reopen. Gonzalez again did not administratively appeal this decision.

In December 2016, Gonzalez, with the assistance of counsel, filed the present motion "to sua sponte reopen [his] case" based on "exceptional circumstances." He argued that the IJ, in issuing the 1997 deportation order, erroneously determined that he was ineligible for § 212(c) relief, as his case fit squarely in the Supreme Court's exception from *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271 (2001), which held that aliens who were convicted through a guilty plea prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA") and

the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") were entitled to seek discretionary relief under INA § 212(c), provided they were otherwise entitled to seek such relief.

In January 2017, the IJ denied Gonzalez's motion to reopen. The IJ declined to exercise his *sua sponte* authority to reopen the case, concluding that Gonzalez would not be able to seek relief under § 212(c) and *St. Cyr* because his motion was not filed prior to the April 2005 deadline and he therefore failed to show a substantial likelihood that the result in his case would be changed. The IJ further determined that "even assuming *arguendo* that [the motion] would not be untimely or number-barred," he failed to "meet his burden for proving that he merits a favorable exercise of discretion or the rare case for a *sua sponte* reopening."

Gonzalez appealed to the BIA. The BIA agreed with the IJ that although Gonzalez could have sought § 212(c) relief under *St. Cyr*, such a request should have been filed by April 2005. It also agreed that Gonzalez failed to otherwise show exceptional circumstances warranting a *sua sponte* reopening. Finally, the BIA concluded that Gonzalez failed to establish "that he was denied a full and fair hearing at any stage of these proceedings." The BIA dismissed the appeal.

## II. DISCUSSION

On petition for review, Gonzalez argues that the agency should have reopened his proceedings because he was denied a "full and fair hearing"

4

throughout the process, particularly as to his claims for asylum, withholding of removal, and relief under the former INA § 212(c).[1]  The government responds that we lack jurisdiction to review the BIA's order denying Gonzalez's motion to reopen, because it was requested under the agency's *sua sponte* authority.

We review our subject matter jurisdiction de novo.  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007).  Both the BIA and the IJ have the authority to reopen removal proceedings or reconsider earlier decisions pursuant to their *sua sponte* authority at any time.  8 C.F.R. §§ 1003.2(a), 1003.23(b)(1); *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1363 (11th Cir. 2013).  We have held, however, that we lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority, because 8 C.F.R. § 1003.2(a) provides no meaningful standard against which to judge the BIA's exercise of its discretion.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008).  Moreover, under 8 U.S.C. § 1252(d)(1), we may only review arguments that have been fully exhausted before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  This requirement is jurisdictional; that is, we lack jurisdiction to consider issues that were not raised in the petitioner's arguments to the BIA.  *Id.*

---

[1] We note that Gonzalez challenges several agency rulings that predate the denial of his current motion to reopen, including the IJ's original 1997 order of deportation.  However, we conclude that we lack jurisdiction to review these rulings, and therefore these challenges warrant no further discussion.  *See* INA § 242, 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

In *Lenis*, "in passing," we noted "that an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power," but because the petitioner had not raised a constitutional claim, we had no occasion to determine whether jurisdiction over such a constitutional claim existed. *Lenis*, 525 F.3d at 1294 n.7. We later revisited the issue and stated that this question remained open, but we confirmed that we ordinarily lack jurisdiction to review the denial of a motion to reopen under the agency's *sua sponte* power. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283-86 (11th Cir. 2016), *cert. denied sub nom. Butka v. Sessions*, 138 S. Ct. 299 (2017). Again, because the petitioner in *Butka* did not raise any constitutional claims, we did not engage in a detailed discussion of our jurisdiction over the denial of a *sua sponte* motion to reopen that implicates constitutional issues. *Id.* at 1286; *see also Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018) ("Constitutional claims related to the BIA's discretionary decisions are different. We have observed that we may retain jurisdiction where constitutional claims are raised relating to the BIA's refusal to reopen *sua sponte*.").

We have not addressed, in a published opinion, the circumstances in which we retain jurisdiction to review constitutional claims related to the agency's *sua sponte* authority to reopen. In other contexts, we have indicated that in certain circumstances, we may retain jurisdiction, despite limitations on judicial review,

6

over constitutional claims raised in a petition for review. *Arias*, 482 F.3d at 1283-84. Such claims must be "colorable," however, and must not simply be abuse of discretion arguments "cloak[ed] . . . in constitutional garb." *Id.* at 1284 (quotation omitted). In the exhaustion context, we have indicated that an allegation of a due process violation that the petitioner was denied a "full and fair hearing" was precisely the type of procedural error that required exhaustion, and over which we lacked jurisdiction in the absence of such exhaustion. *Amaya-Artunduaga*, 463 F.3d at 1251. We also have held that due process arguments made in the context of a denial of a motion to reopen were subject to the exhaustion requirement because they did not raise "a larger challenge to the immigration process beyond the power of the BIA to address." *Lin*, 881 F.3d at 868. In other words, whether we retained jurisdiction depended there on whether the claim was "within the purview of the BIA," which could provide a remedy. *Amaya-Artunduaga*, 463 F.3d at 1251 (quotation omitted).

Finally, in *St. Cyr*, the Supreme Court discussed the impact of the AEDPA's and the IIRIRA's elimination of § 212(c) relief for aliens who were convicted of a crime pursuant to a guilty plea while that relief was still a viable option. *St. Cyr*, 533 U.S. at 314-15, 121 S. Ct. at 2287. Prior to their enactment and at the time of Gonzalez's guilty plea in March 1996, § 212(c) provided an alien with the ability to seek discretionary relief from exclusion if, *inter alia*, he did not receive more

than a five-year sentence on the conviction that subjected him to deportation. *Id.* at 297, 121 S. Ct. at 2277. The Court ultimately held that because the possibility of receiving § 212(c) relief undoubtedly played into these aliens' decisions to plead guilty, "§ 212(c) relief remain[ed] available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 325-26, 121 S. Ct. at 2293. Following *St. Cyr*, applicable regulations were promulgated allowing aliens to seek relief under its decision, but the regulations provide that such "special motions" to reopen were required to be filed prior to April 26, 2005. 8 C.F.R. § 1003.44(h); *see also* Executive Office for Immigration Review, Section 212(c) Relief for Aliens With Certain Criminal Convictions Before April 1, 1997, 69 Fed. Reg. 57826-01 (Sept. 28, 2004). *See generally* 8 C.F.R. § 1003.44.

Here, assuming *arguendo* that Gonzalez has fully presented his argument that the BIA erred in denying his motion to reopen under its *sua sponte* authority, we conclude that we lack jurisdiction to review that denial. We have expressly held that we lack jurisdiction to review such decisions. *Lenis*, 525 F.3d at 1292-93. Although we potentially reserved jurisdiction to review them where constitutional issues are implicated, no such claims are present in this case.

8

First, Gonzalez's claim that his due process rights were violated because he never received a full hearing is precisely the type of claim the BIA can review, as it is not a challenge to the larger immigration process itself. *Lin*, 881 F.3d at 868. Second, Gonzalez's claim is not "colorable" and is simply an abuse of discretion argument—although he may be correct in asserting that, based on *St. Cyr*, he should not have been per se barred from seeking § 212(c) relief at the time of his original October 1997 deportation order, he had several years to seek relief between the issuance of *St. Cyr* in 2001 and the April 2005 deadline. He failed to do so and did not file the present motion until 2016. The fact that he had a nearly four-year window in which to file a special motion to reopen and have his § 212(c) claim adjudicated defeats his due process arguments. Accordingly, we lack jurisdiction to review the agency's denial of relief under its *sua sponte* power.

Finally, although Gonzalez asserts that, in an opinion issued after the BIA's order on appeal, we have held that his delivery of cocaine conviction no longer qualifies as a crime that would preclude him from seeking both withholding and § 212(c) relief,[2] this argument was not presented to the BIA. Thus, it is unexhausted and cannot be reviewed in this appeal. *Amaya-Artunduaga*, 463 F.3d at 1250.

**PETITION DISMISSED.**

---

[2] *Gordon v. U.S. Att'y Gen.* 861 F.3d 1314 (11th Cir. 2017). The BIA issued its order on June 6, 2017; *Gordon* was published on July 10, 2017.

9