[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10753
Non-Argument Calendar
_____

Agency No. A072-843-908

GUSTAVO ROJAS-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 15, 2020)

Before JILL PRYOR, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Gustavo Rojas-Lopez seeks review of the Board of Immigration Appeals'

(BIA) final order affirming the Immigration Judge's (IJ) denial of his motion to

reopen his removal proceedings to request cancellation of removal.  Rojas asserts

the BIA failed to give reasoned consideration to his diligence arguments because it

did not meaningfully consider the relevance of the outcomes of his family

members' immigration proceedings or the effect of recent case law interpreting

provisions of the Immigration and Nationality Act (INA).  Rojas also contends the

BIA erred by affirming the IJ's denial of his motion to reopen on the merits

because he was diligent in arguing his conviction under section 893.13(1)(a) of the

Florida Statutes no longer qualified as an "illicit trafficking aggravated felony"

based on recent judicial interpretations of INA provisions.  After review,[1] we deny

the petition.

## I.  DISCUSSION

*A.  Reasoned Consideration*

The BIA and IJ must give "reasoned consideration" to an alien's petition.

*Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013).  "A

reasoned-consideration examination does not look to whether the agency's

---

[1]  When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision.  *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008).  Here, because the BIA did not expressly adopt the IJ's decision, we review only the BIA's decision.  *Id.*

decision is supported by substantial evidence." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018) (quotations omitted). "Rather, it looks to see whether the agency has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* Where the agency has given reasoned consideration to the petition, and made adequate findings, we will not require the agency address specifically each claim made by the petitioner or each piece of evidence presented. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).

The BIA gave reasoned consideration to Rojas's arguments. *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1286, 1289 (11th Cir. 2014) (reviewing whether the BIA gave reasoned consideration to an alien's claims *de novo*). First, the BIA found Rojas was not entitled to equitable tolling because he failed to act diligently by filing his motion to reopen seven years after his order of removal and three-and-a-half years after the "change of law" in *Donawa v. U.S. Attorney General*, 735 F.3d 1275 (11th Cir. 2013). Second, the BIA found Rojas's argument—that his family pooled its resources to resolve his father's and brother's immigration proceedings before his—did not constitute an "extraordinary circumstance" justifying equitable tolling because Rojas did not present any evidence to support this argument, such as affidavits or statements from his family members. These two findings from the BIA accurately stated the contents of the record, adequately

3

explained its decision, and provided reasonable justifications for its decision which responded to arguments in the record. *See Bing Quan Lin*, 881 F.3d at 874 (explaining the agency does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its refusal of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record). Because the BIA considered the issues and announced its decision in terms sufficient to enable this Court to perceive that it had heard and thought about Rojas's claims, the BIA was not required to specifically address each claim made by Rojas, such as Rojas's assertion that the outcomes of his father's and brother's immigration proceedings supported reopening his proceedings. *See id.*; *Tan*, 446 F.3d at 1374. Likewise, the BIA was not required to address each case cited by Rojas. Accordingly, Rojas's reasoned consideration claim fails.[2]

## B. *Merits of Denial of Motion to Reopen*

We lack jurisdiction to review any final order of removal where, as here, an alien was found to be removable by reason of having committed a criminal offense relating to a controlled substance. 8 U.S.C. § 1252(a)(2)(C); 8 U.S.C.

---

[2] Whether the BIA misstated the contents of the record by stating Rojas's family's cases were not based on "similar facts" to his case is irrelevant, as the BIA made this statement in relation to its finding that Rojas was not entitled to discretionary *sua sponte* reopening, which falls outside of this Court's jurisdiction. *See Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285 (11th Cir. 2016) (explaining this Court lacks jurisdiction to review the agency's denial of *sua sponte* reopening).

§ 1227(a)(2)(B)(i).  Accordingly, our jurisdiction is limited to considering whether the BIA committed a constitutional or legal error in dismissing Rojas's appeal.  8 U.S.C. § 1252(a)(2)(D).  Under this standard, we can consider Rojas's challenge to the BIA's application of the equitable tolling standard to the "undisputed fact pattern" in his motion to reopen.  *See Jean-Pierre v. U.S. Att'y Gen.*, 500 F.3d 1315, 1322 (11th Cir. 2007).

"The standard for granting a motion to reopen immigration proceedings is high, and an [IJ] is afforded significant discretion in deciding whether to do so." *Bing Quan Lin*, 881 F.3d at 872.  Generally, a motion to reopen must be filed within 90 days of the date of the BIA's final administrative removal order.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i).  This 90-day requirement is a "non-jurisdictional claim-processing rule," and is subject to equitable tolling.  *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1359-65 (11th Cir. 2013) (*en banc*).  To establish eligibility for equitable tolling, a litigant must show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way.  *Id.* at 1363 n.5.  Tolling is an "extraordinary remedy" that should be used sparingly, but courts may toll time limitations when an inequitable event prevents a party's timely action.  *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008).

Rojas has not demonstrated the BIA committed any legal errors in determining he was not diligent for equitable tolling purposes.  *See Kazemzadeh v.*

5

*U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009) (reviewing legal questions *de novo*).  First, the BIA applied the correct standard in conducting its diligence analysis.  There is no evidence the BIA conflated the due diligence standard with the test for *sua sponte* reopening, as the BIA addressed each issue separately and applied the correct terminology to each issue.  Moreover, there is no evidence the BIA applied a *per se* rule, as it considered and addressed the facts of Rojas's case in determining he did not act diligently.

Second, the BIA did not commit legal error by determining Rojas's conduct of waiting three-and-a-half years after the *Donawa* decision to file his motion to reopen demonstrated a lack of diligence.  In *Donawa*, this Court determined a petitioner's conviction under § 893.13(1)(a) of the Florida Statutes was not a drug-trafficking crime under § 924(c) and, thus, did not necessarily render him ineligible for cancellation of removal.  *See Donawa*, 735 F.3d at 1281-82.  Moreover, *Donawa* expressly stated petitioners convicted under § 893.13(1)(a) "may still be able to meet their burden to demonstrate eligibility for cancellation of removal, and should be given a chance to shoulder that burden."  *See id.* at 1284.  Accordingly, after *Donawa*, Rojas knew he had a non-frivolous argument that he was eligible for cancellation of removal, and yet he still waited another three-and-a-half years to file his motion to reopen.  Moreover, Rojas's motion to reopen was premised upon his assertion the change of law in *Donawa* created an "extraordinary circumstance"

that warranted equitable tolling.  Accordingly, while the decisions in *Spaho v. U.S. Attorney General*, 837 F.3d 1172 (11th Cir. 2016) and *Gordon v. U.S. Attorney General*, 861 F.3d 1314 (11th Cir. 2017) provided further authority for Rojas's argument his conviction for "manufacturing" cannabis under § 893.13(1)(a) was not an "illicit trafficking aggravated felony," Rojas has not shown the BIA committed legal error by considering his delay from the time of *Donawa*.  The district court did not err in determining Rojas did not establish diligence for equitable tolling purposes to excuse his untimely filing of his motion to reopen.

## II.  CONCLUSION

Accordingly, we deny Rojas's petition.[3]

**PETITION DENIED.**

---

[3] As for Rojas's request this Court determine his conviction for manufacturing cannabis under § 893.13(1)(a) was not an "illicit trafficking aggravated felony," this Court lacks jurisdiction to address this issue because it was never presented to, or addressed by, the BIA. *See* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-50 (11th Cir. 2006) (holding this Court lacks jurisdiction over claims that were not presented to the BIA).  The BIA dismissed Rojas's appeal based on its finding he had not established diligence to excuse the untimely filing of his motion to reopen, and did not reach the underlying merits of Rojas's eligibility for cancellation of removal.