[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-14000

————————————————

Agency No. A041-091-230

CYRIL MCDONALD GEORGE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(March 26, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and LUCK, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

This petition for review requires us to decide whether the Board of

Immigration Appeals erred when it ruled that Cyril George's conviction for sexual

misconduct, N.Y. Penal Law § 130.20, qualifies, under the modified categorical

approach, as the aggravated felony of rape, 8 U.S.C. § 1101(a)(43)(A), and a crime involving moral turpitude, *id.* § 1227(a)(2)(A)(ii). In 1994, George pleaded guilty to violating a New York statute that forbade "sexual intercourse with a female without her consent." N.Y. Penal Law § 130.20 (1994). New York law provides that lack of consent can arise from either "[f]orcible compulsion" or a victim being "less than seventeen years old." *Id.* § 130.05(2)(a), (3)(a). The Department of Homeland Security charged George with removability on the grounds that his conviction qualified as both an aggravated felony and a crime involving moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii). The Board agreed. It ruled that the New York statute defines two crimes—forcible rape and statutory rape—not a single crime that can be committed in two ways. The Board then considered factual allegations from a criminal complaint that George forced a 12-year-old girl to have sex with him at gunpoint. Based on that complaint, the Board concluded that George pleaded guilty to forcible rape, not statutory rape, and it ruled that his crime qualified as both the aggravated felony of rape and a crime involving moral turpitude. But the Board erred under the modified categorical approach. The criminal complaint fails to specify whether George pleaded guilty to forcible rape, and the plea record otherwise fails to make clear whether he pleaded guilty to that crime. We grant his petition for review, vacate the Board's decision, and remand for further proceedings.

2

## I. BACKGROUND

Cyril George, a citizen of Trinidad and Tobago, immigrated to the United States in 1986 at age 10 and became a lawful permanent resident two years later. In 1994, at age 18, he pleaded guilty in a New York court to sexual misconduct. *See* N.Y. Penal Law § 130.20 (1994). His statute of conviction forbade a male to engage in "sexual intercourse with a female without her consent." *Id.* Under New York law, lack of consent can arise from either "[f]orcible compulsion" or a victim being "less than seventeen years old." *Id.* § 130.05(2)(a), (3)(a). Several years later, in 2001, George pleaded guilty to patronizing a prostitute. *See id.* § 230.03.

The Department of Homeland Security later charged George with removability on two grounds. First, it alleged that his conviction for sexual misconduct qualified as the aggravated felony of rape, 8 U.S.C. § 1101(a)(43)(A). *See id.* § 1227(a)(2)(A)(iii) (providing that aliens "convicted of an aggravated felony" are deportable). And second, it alleged that his sexual-misconduct and prostitution convictions both qualified as crimes involving moral turpitude. *See id.* § 1227(a)(2)(A)(ii) (providing that aliens "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," are deportable).

An immigration judge ordered George removed based on these convictions, and the Board of Immigration Appeals affirmed. The Board first concluded that

3

George's conviction for sexual misconduct did not categorically qualify as the aggravated felony of rape because the statute covers some conduct—for example, consensual sex with an almost-17-year-old—that is not generic rape. *See* N.Y. Penal Law §§ 130.05, 130.20. But the Board ruled that the statute is divisible as to lack of consent and applied the modified categorical approach to determine which alternative element—forcible compulsion or his victim's age—formed the basis of George's guilty plea.

The Board stated that the criminal complaint for George's crime alleged "that he engaged in sexual intercourse with a female by forcible compulsion, by displaying what appeared to be a firearm." The complaint contained a sworn statement from George's 12-year-old accuser to that effect. "In light of the evidence that [George] used forcible compulsion to engage in sexual intercourse," the Board concluded that George's "conviction for sexual misconduct qualifies as an aggravated felony rape conviction." And because "rape by forcible compulsion involves baseness and depravity," the Board ruled that the conviction also qualified as a "crime involving moral turpitude." *See Cano v. U.S. Att'y Gen.*, 709 F.3d 1052, 1053 (11th Cir. 2013) (explaining that crimes of moral turpitude involve "act[s] of baseness, vileness, or depravity" (internal quotation marks omitted)).

The Board considered only the criminal complaint to determine whether George pleaded guilty to forcible or statutory rape. The record of George's guilty

4

plea did not specify whether forcible compulsion or the victim's age formed the basis of his plea. It stated only that George pleaded guilty to violating the New York statute that proscribes sexual misconduct, N.Y. Penal Law § 130.20.

The Board also affirmed the immigration judge's other rulings. It agreed that George's prostitution conviction was a crime involving moral turpitude and that a discretionary waiver of deportation, *see* 8 U.S.C. § 1182(c) (1994); *I.N.S. v. St. Cyr*, 533 U.S. 289, 293, 326 (2001), would waive only the aggravated-felony ground of removal, 8 U.S.C. § 1227(a)(2)(A)(iii), not the ground for aliens convicted of two crimes involving moral turpitude, *id.* § 1227(a)(2)(A)(ii).

## II. STANDARD OF REVIEW

"We review the decision of the Board." *Sama v. U.S. Att'y Gen.*, 887 F.3d 1225, 1231 (11th Cir. 2018). We review the Board's legal conclusions, which are the only rulings challenged here, *de novo*. *Id.*

## III. DISCUSSION

An alien is removable if he has a single conviction for an aggravated felony or two convictions for crimes involving moral turpitude "not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii). George does not challenge the ruling that his conviction for patronizing a prostitute is a crime involving moral turpitude. So he is removable if his 1994 conviction for sexual misconduct qualifies as either an aggravated felony or a crime involving moral

5

turpitude. But he is not removable if the conviction qualifies as neither kind of offense.

To determine whether an alien's prior conviction qualifies as an aggravated felony or a crime involving moral turpitude, we apply the categorical approach. *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567–68 (2017); *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1241 (11th Cir. 2016). Under that approach, if the alien's statute of conviction is indivisible—that is, if it defines only one crime with a single set of elements—we ask whether the least culpable conduct that the statute makes criminal qualifies as an aggravated felony or a crime involving moral turpitude. *Esquivel-Quintana*, 137 S. Ct. at 1568; *Gelin*, 837 F.3d at 1241. But if the statute has "multiple, alternative elements, and so effectively creates several different crimes," we apply the modified categorical approach to identify the alternative element used to convict the alien. *Descamps v. United States*, 570 U.S. 254, 264 (2013) (alteration adopted) (internal quotation marks omitted); *see also Gordon v. U.S. Att'y Gen.*, 861 F.3d 1314, 1318 (11th Cir. 2017); *Gelin*, 837 F.3d at 1241.

Under the modified categorical approach, we consult "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). We "then do what the

6

categorical approach demands" and determine whether "the elements of the crime of conviction (including the alternative element used in the [alien's] case)" categorically fit within the federal definition of an aggravated felony or a crime involving moral turpitude. *Descamps*, 570 U.S. at 257; *see also Gordon*, 861 F.3d at 1318; *Gelin*, 837 F.3d at 1241.

The Board ruled that, under the modified categorical approach, George's conviction for sexual misconduct qualified as both the aggravated felony of rape, 8 U.S.C. § 1101(a)(43)(A), and a crime involving moral turpitude, *id.* § 1227(a)(2)(A)(ii). The Board based its ruling on its conclusions that George's statute of conviction is divisible as to lack of consent and that he was convicted of forcible rape, not statutory rape. Although the Board concluded that a conviction for statutory rape would not qualify as the aggravated felony of rape, it did not address whether statutory rape qualifies as a crime involving moral turpitude. It had no need to reach that issue because it concluded that George was convicted of forcible rape and that forcible rape is a crime involving moral turpitude.

The parties disagree about whether the Board erred in applying the modified categorical approach. They dispute whether George's statute of conviction is divisible as to lack of consent, whether the criminal complaint the Department submitted is a valid *Shepard* document, *see Shepard v. United States*, 544 U.S. 13, 16 (2005), and whether the complaint establishes the alternative element under

7

which George was convicted. Because we agree with George that the criminal complaint fails to establish that he pleaded guilty to forcible rape and not statutory rape, we need not decide the other issues. Based on the record before the Board, its conclusion that George pleaded guilty to forcible rape instead of statutory rape was error even if the statute is divisible and the criminal complaint is a valid *Shepard* document.

The modified categorical approach is only "a tool" that "helps implement the categorical approach when a defendant was convicted of violating a divisible statute." *Descamps*, 570 U.S. at 263. "It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Id.* A tribunal may consult the charging documents for a prior conviction only for the limited purpose of determining which alternative element in a divisible statute was used to convict a defendant. *See id.* at 264. A tribunal "must not . . . consult those documents 'to discover what the defendant actually did' and then compare that conduct to the elements of the generic offense." *United States v. Howard*, 742 F.3d 1334, 1347 (11th Cir. 2014) (quoting *Descamps*, 133 S. Ct. at 2287). But the Board made that exact error: it compared the facts of George's crime, instead of the elements to which he necessarily pleaded guilty, to the generic offenses.

The Board relied on a criminal complaint that contained a sworn statement from George's 12-year-old accuser to conclude that George pleaded guilty to

8

forcible rape. The accuser's sworn statement described the factual allegations on which the complaint was based: "[T.S.] states that . . . [George] did demand intercourse from [her] and when [she] refused . . . did point a black pistol at [her] and . . . threatened to shoot [her]. [T.S.] further states that [George] did insert [his] penis into [her] vagina . . . [twice]. [T.S.] further states she is 12 years of age." In addition to reciting these facts, the complaint stated that T.S. accused George of committing two counts of sexual misconduct under New York law. *See* N.Y. Penal Law § 130.20. It described the offenses that she accused George of committing as "engag[ing] in sexual intercourse with a female by forcible compulsion" and "engag[ing] in sexual intercourse with a person less than fourteen years old to whom the actor was not married, while being eighteen years old or more."

George later pleaded guilty to a single count of sexual misconduct, *see id.*, but the court record of his guilty plea provides no information about which kind of rape George admitted to committing. The only information that record contains is a citation to the New York statute that George pleaded guilty to violating. *See id.* And that statute prohibits both kinds of rape. *Id.* §§ 130.05(2)(a), (3)(a), 130.20.

As George argues, neither the criminal complaint nor the record of his guilty plea identifies the alternative element of sexual misconduct—forcible compulsion or the victim's age—to which he pleaded guilty. The factual allegations of the complaint are consistent with both elements. And the legal offenses described in

9

the complaint include both forcible rape and statutory rape. Because the complaint accused George of two counts of sexual misconduct, one count may have been based on forcible compulsion and the other on his victim's age. But neither the complaint nor the record of his guilty plea states that George pleaded guilty to forcible rape as opposed to statutory rape. The Board erred in concluding that George was convicted of forcible rape instead of statutory rape and affirming the immigration judge's order of removal on that basis.

Because the record of conviction does not make clear whether George pleaded guilty to forcible or statutory rape, we need not decide whether the New York statute is divisible as between those two different kinds of rape or whether the criminal complaint is a valid *Shepard* document. Even if we resolved both issues in the Department's favor, the criminal complaint would still fail to establish that George pleaded guilty to forcible rape. The Board also did not address whether statutory rape is a crime involving moral turpitude, so we do not address that issue. And we also need not address George's alternative argument that he is eligible for a discretionary waiver of deportation even if he is removable.

## IV. CONCLUSION

We **GRANT** the petition for review, **VACATE** the Board's decision, and **REMAND** for further proceedings.

10