WALKER, Circuit Judge:
Ilir Spaho seeks review of the Board of Immigration Appeals’ (“the Board”) order upholding the Immigration Judge’s (“IJ”) finding that his conviction for violating Florida Statute § 893.13(l)(a)(l) constituted an aggravated felony and therefore rendered him removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1227(a)(2)(A)(iii). After careful review, we affirm.[1]
I.
Spaho is a citizen of Albania but has been a lawful permanent resident of the United States since 2002. On May 14, 2012, he pled no contest to one count of Trafficking in Illegal Drugs- 4 <14 Grams in violation of Florida Statute § 893.135(l)(c)(l); two counts of Sale of a Controlled Substance in violation of Florida Statute § 893.13(l)(a)(l); and two counts of Possession with Intent to Sell, Deliver, or Manufacture a Controlled Substance in violation of Florida Statute § 893.13(l)(a)(l). He was sentenced to forty months’ imprisonment.
Immediately following his conviction- and sentencing, the Department of Homeland Security (“DHS”) charged him with re-movability on two grounds: (1) under § 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)®, as a noncitizen convicted of a violation of law relating to a controlled substance, and (2) under § 237(a)(2)(A)(iii) of the INA as a noncitizen convicted of an aggravated felony based upon his 2012 convictions. Spaho conceded removability under § 237(a)(2)(B)® but not under § 237(a)(2)(A)(iii).
Removability under § 237(a)(2)(B)® would not bar Spaho from applying for asylum, cancellation of removal, and withholding of removal, but removability under §, 237(a)(2)(A)(iii) would render him ineligible for such relief. See Moncrieffe v. Holder, — U.S. —,133 S.Ct. 1678, 1682, 185 L.Ed.2d 727 (2013). He argued that he is not removable under § 237(a)(2)(A)(iii) because none of his 2012 convictions were convictions for aggravated felonies.
In July of 2013, the IJ rejected Spaho’s arguments and found him removable under § 237(a)(2)(A)(iii) on the basis that his conviction under § 893.135(l)(c)(l) constituted an aggravated felony under the “drug trafficking crime” component of the aggravated felony , definition. Section 237(a)(2)(A)(iii) of the INA specifies re-movability based on. an aggravated felony *1176 and includes within that category, as set forth in 8 U.S.C. § 1101(a)(43)(B), “illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18).” The IJ did not address whether Spaho’s other 2012 convictions were aggravated felony convictions.
Having been convicted of an offense that the IJ found to be an aggravated felony, Spaho became statutorily ineligible for asylum, cancellation of removal, and withholding of removal. See Moncrieffe, 133 S.Ct. at 1682. He remained eligible only for deferral of removal under -the Convention Against Torture (“CAT”). See id, at 1682 n.l.
On July 11, 2014, Spaho submitted an application for cancellation of removal and asked the IJ to reconsider its aggravated felony finding in light of our decision in Donawa v. U.S. Attorney General, 735 F.3d 1275 (11th Cir. 2013), that a conviction under Florida Statute § 893.13(l)(a)(2) was not a “drug trafficking crime” under 8 U.S.C. § 1101(a)(43)(B). On August 25, 2014, DHS filed a second brief in support of the aggravated felony charge, citing Matter of L-G-H, 26 I. & N, Dec. 365, 368 (BIA 2014), in which the Board held that, although § 893.13(l)(a) did not fit under the “drug trafficking crime” component, an offense under the statute could still qualify as an aggravated felony under the broader “illicit trafficking” component.
On November 12, 2014, the IJ held that Spaho was statutorily ineligible for asylum, cancellation of removal, and withholding of removal because his § 893,13(l)(a)(l) conviction for sale of a-controlled substance was an aggravated felony conviction under the “illicit. trafficking” component of 8 U.S.C. § 1101(a)(43)(B). The IJ did not address whether Spaho’s conviction under § 893.135(l)(c)(l) — the conviction on whieh the IJ’s earlier July 2013 ruling had focused — constituted an aggravated felony conviction as well. The IJ also found that Spaho was not entitled to deferral of removal under the CAT because he failed to establish that it was more likely than not that he would be tortured by or with the acquiescence of the Albanian government. On February 26, 2015, the Board of Immigration Appeals affirmed the IJ’s decision.
Spaho now appeals. He argues that the Board erroneously determined that § 893.13(l)(a)(l) is divisible and, as a' result, erroneously applied the modified categorical approach rather than the categorical approach in- concluding that his conviction under § 893.13(l)(a)(l) constituted an aggravated felony conviction. He does not challenge the denial of his application for deferral of removal under the CAT.
II
We review only the decision of the Board “except to the extent that [the Board] expressly adopts the IJ’s opinion,” in which case we “review the IJ’s decision as well.” Najjar v. Ashcroft, 257 F,3d 1262, 1284 (11th Cir. 2001). Here the Board did not expressly adopt the IJ’s opinion. “We review de novo whether a conviction qualifies as an ‘aggravated felony.’ ” Accardo v. U.S. Atty. Gen., 634 F.3d 1333, 1335 (11th Cir. 2011),
III
To assess whether Spaho’s state conviction was an aggravated felony conviction, the Board first had to decide whether § 893.13(l)(a)(l) is divisible and thus subject to the modified categorical approach instead of the categorical approach in comparing the elements of § 893.13(l)(a)(l) with the elements of the corresponding *1177 aggravated felony of “illicit trafficking in a controlled substance.” See Moncrieffe, 133 S.Ct. at 1685.
A state statute is divisible when it “lists a number of alternative elements that effectively create several different crimes.” Donawa, 735 F.3d at 1281. Conversely, a state statute is indivisible when it contains a single set of elements that are not set forth in the alternative. Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). Such a statute remains indivisible even if it “enumerates various factual means of committing a single, element.” Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016).
The Supreme Court held in Descamps v. United States that the categorical approach applies to indivisible statutes, whereas the modified categorical approach applies to divisible statutes (i.e. statutes that “comprise[ ] multiple, alternative versions of a crime”). 133 S.Ct. at 2281-83.
Under the categorical approach, the court examines solely “whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony.” Moncrieffe, 133 S.Ct. at 1684 (internal quotation marks omitted). The court must “compare the elements of the statute forming the basis of the defendant’s conviction with the elements of the ‘generic’ crime,” and conviction under the state statute will only constitute a conviction for the generic offense “if the statute’s elements are the same as, or narrower than, those of the generic offense.” Descamps, 133 S.Ct. at 2281. If the. statute can be violated by an act that does not fit within the generic offense, then the statute cannot qualify as an aggravated felony under the categorical approach, and this is true even if the actual conduct of the defendant fell within the generic crime. See id.
Under the modified categorical approach that applies to statutes that are divisible into alternative crimes, on the other hand, the court may “consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant’s prior conviction” and then “do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.” Id.
In- this case, the Board was correct in upholding the IJ’s determination that § 893.13(l)(a)(l) is divisible. In determining divisibility, we focus primarily on the statutory text. See United States v. Howard, 742 F.3d 1334, 1346 (11th Cir. 2014). Section 893.13(l)(a) provides in relevant part that “a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a .controlled substance.” The text delineates six discrete alternative elements: sale, delivery, manufacture, possession with intent to sell, possession with intent to deliver, and possession with intent to manufacture. Accordingly, the statute is divisible.
We reject Spaho’s argument that § 893.13(l)(a) contains not a set of alternative elements but rather a single element that can be satisfied by a series of alternative means. To determine whether a statute sets forth alternative elements or means, we take guidance from state court decisions. Mathis, 136 S.Ct. at 2256. Here, Florida case law supports our conclusion that the listed items in § 893.13(l)(a) are elements rather than means. In Tyler v. State, the District Court of Appeal of Florida discussed “clear direction” from the Supreme Court of Florida “that possession with intent to sell, on the one hand, and *1178 the actual sale, on the other, of the same illicit substance should be viewed, not as alternative ways in which section 893.13(l)(a) could be violated, but as two separate crimes.” 107 So.3d 547, 549-51 (Fla. Dist. Ct. App. 2013). In State v. McCloud, one of the cases referred to in Tyler, the Supreme Court of Florida decided that possession and sale are separate crimes such that both can be charged in the same indictment without violating the Double Jeopardy Clause. 577 So.2d 939, 940 (Fla. 1991). In Thomas v. State, the District Court of Appeal of Florida clarified that possession and sale are separate crimes even if both offenses are proscribed by the same statute and pertain to the same illicit substance. 61 So.3d 1157, 1158 (Fla. Dist. Ct. App. 2011).
We also find unpersuasive Spaho’s argument that the divisibility determination made by the Board in his case conflicts with our holding in Donawa. To be sure, Donawa applied the categorical approach for indivisible statutes in finding that a conviction under § 893.13(l)(a)(2) did not qualify as an aggravated felony under the drug trafficking component of 8 U.S.C. § 1101(a)(43)(B). 735 F.3d at 1281-82. But Donawa dealt with a different and narrower question than that presented here, which was whether an affirmative defense defined by Florida Statute § 893.101 (which includes a mens rea element) renders § 893.13(l)(a)(2) (which does not otherwise include a mens rea element) divisible by “effectively creating] a separate offense.” Id. at 1282. While Donawa found the affirmative defense insufficient to render § 893.13(l)(a)(2) divisible, the case did not engage in a textual analysis of § 893.13(l)(a) to ascertain its divisibility. Specifically, Donawa did not analyze the actus reus element of § 893.13(l)(a) to ascertain whether the separate acts forbidden by the statute rendered it divisible by establishing multiple, alternative offenses of which a defendant could be convicted. Indeed, the Court had no reason to engage in that analysis because the Florida statute’s lower mens rea requirement rendered it categorically not a “drug trafficking crime.” However, since the “illicit trafficking” aggravated felony does not have the same heightened mens rea requirement as drug trafficking crimes, see Matter of L-G-H, 26 I. & N. Dec. 365, 370 (BIA 2014),[2] we cannot stop where the Donawa Court did. Performing the appropriate textual analysis here, we agree with the Board that the statute is divisible with respect to the “act” element and that the modified categorical approach applies.
Under the modified categorical approach, Spaho’s conviction constitutes an “illicit trafficking” aggravated felony. Some of the alternative elements set forth in § 893.13(l)(a) involve “illicit trafficking” and some do not. An “illicit trafficking” aggravated felony includes “any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing of any controlled substance.” Matter of Davis, 20 I. & N. Dec. 536, 541 (BIA 1992). “[U]nlawful trading or dealing” requires *1179 commercial conduct. Id.; see Lopez v. Gonzales, 549 U.S. 47, 58, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) (“ ‘[Trafficking’ means some sort of commercial dealing.”). Two of the alternative elements of § 893.13(l)(a), sale and possession with intent to sell, are inherently commercial and qualify under the definition of an illicit trafficking aggravated felony while the other four alternatives may not be commercial and may not qualify.[3] Spaho was adjudged guilty of selling a controlled substance, and therefore his conviction qualifies because the state provision, when read to include only the sale crime and not the other alternative crimes, easily falls within the generic “illicit trafficking” offense.
In sum, we find that the Board properly held that § 893.13(l)(a)(l) was divisible, applied the modified categorical approach for divisible statutes, and found Spaho removable under § 237(a)(2)(A)(iii) of the INA as a noncitizen convicted of an aggravated felony.
For these reasons, we deny Spaho’s petition for review.
PETITION DENIED.

. Two motions remain pending on the docket for this appeal. The first asks the court to hold its proceedings in abeyance until the Supreme Court of the United States decides Mathis v. United States, — U.S. —, 136 S.Ct. 894, 193 L.Ed.2d 788 (granting certiorari). The Supreme Court issued its opinion in Mathis on June 23, 2016, see Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), and the motion is therefore moot. The second is a motion by the Florida Association of Criminal Defense Lawyers (“FACDL”) seeking leave to file a brief of amicus curiae in support of the petitioner. This motion was filed on September 2, 2016, more than a year after the petitioner submitted his principal brief, and is therefore untimely. See Fed. R. App. P., 29(e)(brief of ami-cus curiae to be filed no later than seven days after the principal brief of the party being supported); see also 11th Cir. R. 29-2. Both motions are therefore denied.

. Following Donawa, in Matter of L-G-H, 26 I. & N. Dec. 365 (BIA 2014), the BIA applied the modified categorical approach to hold that a conviction for the sale of cocaine under Fla. Stat. § 893.13(1 )(a)(l) qualified as an “illicit trafficking” aggravated felony. Id. at 373-74. As relevant here, the BIA held that " 'illicit trafficking[1] offenses do not require a mens rea element with respect to knowledge of the illicit nature of the controlled substance, at least when accompanied, as [in the Florida statute], by an affirmative defense permitting a defendant to show that he or she had no such awareness, as well as by a requirement that the defendant be aware of the presence of the substance (apart from its illegality).” Id. at 371. Spaho does not challenge the correctness of the BIA's definition of illicit trafficking, and we express no opinion on it.

. As the BIA explained in Matter of L-G-H, under the BIA’s longstanding definition, “illicit trafficking” requires a "commercial transaction,” or the "passing of goods from one person to another for money or other consideration.” 26 I. & N. Dec. at 371-72 & n.9. Because a “sale” under the Florida law categorically requires consideration, the BIA held that a conviction for the sale element of § 893.13(l)(a) involved a commercial transaction, and therefore met the BIA’s definition of illicit trafficking. Id. at 372-73.

. In contrast, the "modified categorical” approach "applies to ‘state statutes that contain several different crimes, each described sepa- *1180 ralely.' In such cases, 'a court may determine which particular offense the non-citizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea.' " Mellouli v. Lynch, — U.S. —, 135 S.Ct. 1980, 1986 n.4, 192 L.Ed.2d 60 (2015) (citation omitted).