# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2017

Lyle W. Cayce
Clerk

No. 14-60888

———————

JOSE FLORES-LARRAZOLA, also known as Jose Maria Flores, also known as Jose Maria Flores-Larrazola,

      Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

      Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is **DENIED**. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED. R. APP. P. and 5TH CIR. R. 35), the Petititon for Rehearing En Banc is **DENIED**.

In his petititon, Flores-Larrazola argues that the relevant Arkansas statute – Ark. Code Ann. § 5-64-401(a) – is indivisible based upon the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). We

disagree. The Arkansas Supreme Court has held that Ark. Code Ann. § 5-64-401(a) is divisible,[1] and under *Mathis*, we must heed its command.[2]

*Spaho v. United States Attorney General*, 837 F.3d 1172, 1177 (11th Cir. 2016), also supports our holding. In that case, the Eleventh Circuit analyzed a Florida statute that provides in relevant part that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."[3] The court held that the statutory "text delineates six discrete alternative elements: sale, delivery, manufacture, possession with intent to sell, possession with intent to deliver, and possession with intent to manufacture. Accordingly, the statute is divisible."[4]

Our divisibility analysis mirrors that of *Spaho*. Ark. Code Ann. § 5-64-401(a) renders it unlawful for any person to purposely, knowingly, or recklessly manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance. These twelve elements, like the six in *Spaho*, come together to create "several different crimes."[5]

---

[1] *Cothren v. State*, 42 S.W.3d 543, 547—49 (Ark. 2001) (holding that "manufacturing a controlled substance" and "possession of a controlled substance with the intent to deliver" are separate offenses that both fall within the purview of Ark. Code Ann. § 5-64-401(a)).

[2] *Mathis*, 136 S. Ct. at 2256; *see United States v. Howell*, 838 F.3d 489, 498 (5th Cir. 2016) (holding that a Texas statute is "clear[ly]" indivisible based upon a prior ruling of the Texas Court of Criminal Appeals).

[3] Fla. Stat. Ann. § 893.13(1)(a).

[4] *Spaho*, 837 F.3d at 1177.

[5] *Mathis*, 136 S. Ct. at 2254.