[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12308
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01902-KRS

MARWAN IBRAHIM KADDOURA,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
DISTRICT DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES,
TAMPA, FLORIDA,
ACTING FIELD OFFICE DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION
SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 26, 2018)

Before WILSON, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Marwan Ibrahim Kaddoura, a citizen of Lebanon, appeals the magistrate judge's order affirming the denial of his application for naturalization by the United States Citizenship and Immigration Services ("USCIS").  The district court determined Kaddoura was statutorily ineligible for naturalization due to his 1996 aggravated felony conviction for delivery of cocaine, in violation of Florida Statute § 893.13(1)(a)(1).  On appeal, Kaddoura argues his conviction does not qualify as an aggravated felony.  After careful review, we affirm.

## I.

In 1991, Kaddoura became a permanent resident of the United States through his spouse.  In 1996, he was arrested and charged with the unlawful delivery of cocaine in violation of Florida Statute § 893.13(1)(a)(1).  The adjudication was withheld.  In 2012, an immigration judge granted Kaddoura relief from removal.

In February 2014, Kaddoura submitted an application for naturalization.  On May 26, 2015, his application was denied.  In its decision, USCIS stated that Kaddoura had not demonstrated good moral character.  USCIS highlighted Kaddoura's 1996 arrest for unlawful delivery of cocaine, which it concluded

2

qualified as an aggravated felony conviction.  Because of this conviction,[1] USCIS found Kaddoura was "permanently barred from establishing good moral character," making him ineligible for naturalization.

Kaddoura requested a hearing to appeal this decision, arguing that his Florida conviction did not qualify as an aggravated felony using the modified categorical approach.  USCIS affirmed its decision.  Having exhausted his administrative remedies, Kaddoura sought review in district court.  The district court granted USCIS's motion for summary judgment.  This appeal followed.

II.

We review de novo the district court's grant of summary judgment. Mendoza v. Sec'y, Dep't of Homeland Sec., 851 F.3d 1348, 1352 (11th Cir. 2017) (per curiam).  Summary judgment is appropriate when the record evidence "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

When the USCIS denies an application for naturalization, and the applicant seeks judicial review of that denial, that review is conducted de novo.  8 U.S.C. § 1421(c).  We also review de novo whether a conviction qualifies as an

---

[1] In the immigration context, a case in which adjudication has been withheld qualifies as a "conviction" so long as the alien entered a plea of guilty or nolo contendere and some form of punishment was imposed.  8 U.S.C. § 1101(a)(48)(A).  Kaddoura pled nolo contendere to his charge for delivery of cocaine and does not contest that some form of punishment was imposed.

aggravated felony.  Spaho v. U.S. Att'y Gen., 837 F.3d 1172, 1176 (11th Cir. 2016).

III.

In order to become a naturalized United States citizen, an applicant must comply with several statutory prerequisites.  8 U.S.C. § 1427.  Among other things, an applicant for naturalization must establish that during all relevant periods he has been and still is a person of "good moral character."  Id. § 1427(a).  The burden of proof is on the applicant to establish that he qualifies for naturalization.  See id. § 1429.

An applicant for naturalization cannot establish good moral character if he has been convicted of an aggravated felony.  See id. § 1101(f)(8).  As relevant here, an aggravated felony is defined as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."  Id. § 1101(a)(43)(B).

Section 924(c) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act" ("CSA").  18 U.S.C. § 924(c)(2).  An offense that is punishable by more than one year imprisonment is considered a felony.  Id. § 3559(a).  Under the CSA, it is "unlawful for any person knowingly or intentionally [] to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," including cocaine.

4

21 U.S.C. §§ 812, 841(a), 841(b).  Distribution includes "to deliver (other than by administering or dispensing) a controlled substance."  Id. § 802(11).  And "deliver" is in turn defined as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship."  Id. § 802(8).  A person who distributes cocaine, a Schedule II drug, "shall be sentenced to a term of imprisonment of not more than 20 years."  21 U.S.C. §§ 812, 841(b)(1)(C).

If a state conviction proscribes conduct that is punishable as a felony under the CSA, it also qualifies as a "drug trafficking crime."  See Lopez v. Gonzales, 549 U.S. 47, 60, 127 S. Ct. 625, 633 (2006).  Kaddoura was convicted in 1996 of delivery of cocaine in violation of Florida Statute § 893.13(1)(a)(1).  In 1996, Florida law said it was "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance," including cocaine.  See Fla. Stat. §§ 893.13(1)(a), 893.03(2)(a)(4) (1996).  At the time, Florida law defined "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship."  Id. § 893.02(5).

Kaddoura's conviction qualifies as a "drug trafficking crime."  First, the state crime for which Kaddoura was convicted qualified as a crime under the CSA.

5

Fequiere v. Ashcroft, 279 F.3d 1325, 1326 n.3 (11th Cir. 2002).[2]  Both Florida

Statute § 893.13(1)(a) and the CSA prohibit the "delivery" of cocaine, and they

define "delivery" identically.[3]  Second, under the CSA, Kaddoura's conduct was

punishable by more than one year imprisonment, making it a felony.  See 21

U.S.C. §§ 812, 841(b)(1)(C); 18 U.S.C. § 3559(a).  Because Kaddoura's conviction

was for a "drug trafficking crime," the district court did not err in finding that he

had been convicted of an aggravated felony, making him statutorily ineligible for

naturalization.

Kaddoura argues that the district court's interpretation of "drug trafficking

crime" must be incorrect because his conviction, as the government admits, does

not also qualify as "illicit trafficking in a controlled substance."  He points

specifically to the phrasing of the statute defining aggravated felonies: "illicit

trafficking in a controlled substance . . . including a drug trafficking crime."  8

U.S.C. § 1101(a)(43)(B) (emphasis added).  He says this must mean that illicit

---

[2] In Donawa v. U.S. Attorney General, 735 F.3d 1275 (11th Cir. 2013), a panel of this Court held that a conviction under Florida Statute § 893.13(1)(a) did not qualify as a "drug trafficking crime."  Id. at 1281, 1283.  However, as Kaddoura acknowledges, Donawa was interpreting a different version of the statute than the one he was convicted of violating.  See Fla. Stat. § 893.101 (eliminating the mens rea requirement in § 893.13(1)).  Because Kaddoura was convicted of violating the pre-2002 version of § 893.13(1)(a), Fequiere still controls.

[3] There has been some dispute about whether it is appropriate to use the categorical or modified categorical approach in dealing with Florida Statute § 893.13(1)(a)(1) as amended in 2002.  Compare Spaho, 837 F.3d at 1178 (applying the modified categorical approach), with Donawa, 735 F.3d at 1281–82 (applying the categorical approach).  We need not decide which approach is required here, as Kaddoura's pre-2002 conviction qualifies as a "drug trafficking crime" under either approach.

trafficking is intended to be a broader category than drug trafficking crimes. As a result, he says the court erred in concluding that he committed a "drug trafficking crime" when he did not commit "illicit trafficking."

In Lopez v. Gonzales, the Supreme Court interpreted the phrase "illicit trafficking" in § 1101(a)(43)(B). The Court noted that "ordinarily 'trafficking' means some sort of commercial dealing." 549 U.S. at 53, 127 S. Ct. at 630. But in a footnote, the Court added, "Of course, we must acknowledge that Congress did counterintuitively define some possession offenses as 'illicit trafficking,'" by including them in § 924(c). Id. at 55 n.6, 127 S. Ct. at 630 n.6. The Court pointed specifically to the "coerced inclusion of a few possession offenses in the definition of 'illicit trafficking,'" that did not involve commercial activity, including "possession of cocaine base and recidivist possession." Id. Because those crimes were punishable as felonies under § 924(c), they therefore qualified as aggravated felonies even though they involved no commercial activity. Id.

The same logic controls here. Although mere delivery of a controlled substance may not include the commercial activity necessary to qualify as "illicit trafficking," that crime's inclusion under § 924(c) shows that Congress nonetheless intended to include it within the statutory category of aggravated felonies. The district court therefore did not err in concluding that Kaddoura's "drug trafficking"

7

conviction did not also need to meet the definition of an "illicit trafficking offense" in order to qualify as an aggravated felony under 8 U.S.C. § 1101(a).

Because Kaddoura's Florida conviction for delivery of cocaine qualified as an aggravated felony, the district court did not err in concluding that he was statutorily ineligible for naturalization.

**AFFIRMED.**