[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11002
_____

Agency No. A041-455-548


DEON JONES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 15, 2018)

Before NEWSOM and HULL, Circuit Judges, and ROYAL,* District Judge.

HULL, Circuit Judge:

_____

*Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

Deon Angella Jones, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order of removal.  In 1988, Jones was admitted to the United States as a lawful permanent resident.

In 2014, the Department of Homeland Security ("DHS") issued Jones a Notice to Appear, charging her as removable (1) under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B); and (2) under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a controlled substance offense.

Jones did not contest her removability for having been convicted of a controlled substance offense.  Further, Jones has since been removed back to Jamaica and remains there now.  However, Jones did file an application for cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a), which provides that the Attorney General may grant discretionary relief from removal for qualifying aliens who have not been convicted of an aggravated felony.  INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3).  Jones contended her convictions did not qualify as aggravated felonies as defined in section 101(a)(43)(B) of the INA.  In 2016, the IJ issued a written decision denying Jones's application for cancellation of removal.

2

The BIA affirmed and dismissed Jones's appeal.  The BIA concluded that Jones was not eligible for cancellation of removal.  Jones petitions for review.[1]

One of the many crimes that constitutes an "aggravated felony" under the INA is "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."  8 U.S.C. § 1101(a)(43)(B).  One problem for the government here is that the government has not argued, either before this Court or even the BIA, that Jones's conviction qualifies under the "illicit trafficking" prong of the INA's aggravated felony definition.  The government therefore has waived any argument about the "illicit trafficking" prong.  This case at best involves only the second portion of the definition.

As to the second portion of the definition, a "drug trafficking crime" under § 1101(a)(43)(B) includes "any felony punishable under the Controlled Substances Act [("CSA")]."  18 U.S.C. § 924(c)(2); 8 U.S.C. § 1101(a)(43)(B).  Thus, for a state offense to qualify as a drug trafficking crime under § 1101(a)(43)(B), the state offense must punish conduct that would be punishable as a felony under the federal CSA.  See Lopez v. Gonzales, 549 U.S. 47, 60, 127 S. Ct. 625, 633 (2006).  The corresponding federal offense to which we must look is 21 U.S.C. § 841(a)(1), which makes it a felony "for any person knowingly or intentionally" to

---

[1]We review de novo whether a conviction qualifies as an aggravated felony under the INA.  Spaho v. U.S. Att'y Gen., 837 F.3d 1172, 1176 (11th Cir. 2016).

3

"manufacture, distribute, or dispense, or possess with intent to . . . distribute . . . a controlled substance."  21 U.S.C. § 841(a)(1).

Based on the particular record and argument before us, we conclude that the Respondent failed to carry its burden to show Jones was convicted of an "aggravated felony" under the second prong.  We grant Jones's petition for review, vacate the BIA's decision, and remand for further proceedings.  On remand the Attorney General should exercise his discretion and decide whether or not to cancel Jones's removal.  See 8 U.S.C. § 1229b(a).

**PETITION GRANTED.**