[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12963
Non-Argument Calendar
_____

Agency No. A030-905-960


ALICIA ALONSO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 27, 2020)

Before WILSON, NEWSOM and BRANCH, Circuit Judges.

PER CURIAM:

Alicia Alonso seeks review of the final order of the Board of Immigration

Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her application for

waiver of inadmissibility, which she filed in conjunction with her application for adjustment of status under the Cuban Adjustment Act of 1966 (CAA), Pub. L. No. 89-732, 80 Stat. 1161.  On appeal, Alonso makes two arguments.  First, she argues that her 2002 Florida conviction for attempted first-degree murder with a deadly weapon, pursuant to Fla. Stat. §§ 782.04(1), 777.04(1), and 775.087, does not render her ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h) because Florida's first-degree murder statute is broader than the generic definition of murder applicable to § 1182(h).  Second, she argues for the first time on appeal that she is eligible for a § 1182(h) waiver because she previously received a waiver under 8 U.S.C. § 1182(d)(3).  After careful review of the record, we deny Alonso's petition on the first ground and dismiss her petition on the second ground.

**I**

Under the CAA, an alien who is a native or citizen of Cuba can, in certain circumstances, apply to adjust her status to that of a lawful permanent resident. *See* CAA § 1.[1]  Specifically, the CAA provides that:

> [T]he status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and

---

[1] The CAA is codified as a historical note to 8 U.S.C. § 1255.

2

the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

*Id.* Thus, in order to be eligible for CAA relief, the foreign national must be "admissible to the United States for permanent residence." *Id.* If, like Alonso, the foreign national seeking adjustment has been deemed *in*admissible, she can seek a waiver of inadmissibility under 8 U.S.C. § 1182(h), which allows the Attorney General to waive inadmissibility in certain circumstances. Importantly, though, the Attorney General may not waive inadmissibility "in the case of an alien who has been convicted of . . . murder or . . . an attempt or conspiracy to commit murder." 8 U.S.C. § 1182(h).

The IJ denied Alonso's application for a waiver of inadmissibility under § 1182(h), holding that her 2002 conviction for attempted murder under Fla. Stat. § 782.04(1) statutorily precludes her from a § 1182(h) waiver. The BIA affirmed. On appeal, Alonso contends that the BIA erred, arguing that because she could have been convicted under Fla. Stat. § 782.04(1)'s felony murder provision— which does not require proof of an intent to kill—her conviction does not qualify as attempted "murder" under § 1182(h).

First things first: we need to examine the meaning of the generic term "murder," as it's used in § 1182(h). "We review the BIA's statutory interpretation *de novo*, but will defer to the BIA's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress." *Quinchia v. U.S. Att'y Gen.*, 552

3

F.3d 1255, 1258 (11th Cir. 2008) (quotation omitted); *see also Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984).  Here, the BIA relied on its previous decision in *Matter of M-W-*, in which it held that the term "murder"—as it is used in the Immigration and Nationality Act (INA)—involves an unlawful killing with "malice aforethought," which includes an "intent to kill" or a "depraved heart."   25 I. & N. Dec. 748, 751–53 (B.I.A. 2012).  Alonso does not challenge this interpretation.

The question becomes, then, whether Alonso's conviction under Fla. Stat. § 782.04(1) qualifies as an attempted "murder" under the definition set out in *Matter of M-W-*.  To determine "whether [an] alien's state conviction is of an offense comparable to an offense listed in the INA," we employ either the "categorical" or "modified categorical" approach.  *Francisco v. U.S. Att'y Gen.*, 884 F.3d 1120, 1126 (11th Cir. 2018) (internal quotation marks and citation omitted).  "Under the categorical approach, a court must confine its consideration only to the fact of conviction and the statutory definition of the offense." *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1280 (11th Cir. 2013).  We compare the elements of the offense to the generic definition, "ask[ing] only whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding [offense]." *Id*. (quotation omitted).  In doing so, we "presume that the conviction rested upon nothing more than the least of the acts

4

criminalized [by the state statute], and then determine whether even those acts are encompassed by the generic federal offense." *Id.* (internal quotation marks and citation omitted).

We may, alternatively, apply the modified categorical approach if the statute of conviction is divisible. *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1176–77 (11th Cir. 2016). "A state statute is divisible when it lists a number of alternative elements that effectively create several different crimes." *Id.* at 1177 (internal quotation marks and citation omitted). A statute is indivisible, by contrast, if it "contains a single set of elements that are not set forth in the alternative." *Id.* When we use the modified categorical approach, we "may consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* (internal quotation marks and citation omitted).

Section 782.04 of the Florida Statutes, as it existed in 2002, defined first-degree murder as:

[T]he unlawful killing of a human being:

> 1. When perpetrated from a premeditated design to effect the death of the person killed or any human being;
>
> 2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any [of a list of offenses]; or
>
> 3. Which resulted from the unlawful distribution of any [of a list of substances] by a person 18 years of age or older, when

5

such drug is proven to be the proximate cause of the death of
the user . . . .

Fla. Stat. § 782.04(1)(a) (2002).  Alonso argues that we should apply the

categorical approach and hold that she could have been convicted under

§ 782.04(1)(a)(2)—the statute's "felony murder" provision, *see, e.g.*, *State v.*

*Sturdivant*, 94 So. 3d 434, 436 (Fla. 2012)—which she claims is inconsistent with

the term "murder" in § 1182(h) because it does not require the intent to kill.

We disagree.  Like the IJ and the BIA below, we believe the modified

categorical approach is appropriate here:  Although premeditated and felony

murder reside in the same statute, the crimes of attempted premeditated murder

(codified in Fla. Stat. §§ 782.04 and 777.04) and attempted felony murder

(codified in Fla. Stat. § 782.051) are separate crimes with distinct elements.  And

it's clear, when we apply the modified categorical approach, that Alonso was

charged and convicted of attempted *premeditated* murder.  The Information filed

against Alonso alleged, in Count 1, that she "feloniously attempt[ed] to kill a

human being . . . from a premeditated design"—a count to which Alonso

subsequently pleaded guilty.  Under Florida law, the element of "premeditated

design" requires both a specific intent to kill and premeditation.  *Reaves v. Sec'y,*

*Fla. Dep't of Corr.*, 717 F.3d 886, 889 (11th Cir. 2013) (citing *Anderson v. State*,

276 So. 2d 17, 18 (Fla. 1973)).  The BIA correctly determined, therefore, that

Alonso was ineligible for a waiver of inadmissibility because, using the modified

6

categorical approach, it's clear that she was charged and convicted of attempted premeditated murder under Florida law—the elements of which match the BIA's generic definition of murder.  Accordingly, we deny Alonso's petition for review on this ground.

## II

Alonso also argues, separately, that it was improper to reject her application for a waiver of inadmissibility under 8 U.S.C. § 1182(h), given that she had previously been granted a waiver under § 1182(d)(3).  Alonso did not present this claim before the BIA, however, and we therefore lack jurisdiction to consider it. *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003).  Accordingly, we dismiss Alonso's petition for review on this ground.

**PETITION DENIED IN PART AND DISMISSED IN PART.**