[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12841
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60266-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST RAY SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 15, 2020)

Before JORDAN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ernest Simmons appeals his 180-month sentence, imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  Simmons argues that the district court erred in enhancing his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). No reversible error has been shown; we affirm.

Before sentencing, the probation officer prepared a presentence investigation report ("PSI").  In pertinent part, the probation officer determined that Simmons qualified as an armed career criminal based on Simmons's three prior Florida convictions for the sale of cocaine, in violation of Fla. Stat. § 893.13.  The PSI included details about Simmons's three sale-of-cocaine convictions, including that the convictions stemmed from drug sales that occurred on 7 October 1993, 21 January 1994, and 25 January 1994.

Simmons objected to the PSI's determination that he qualified for an ACCA-enhanced sentence.  Simmons first argued that -- although the two January 1994 drug sales happened on separate dates -- they were part of the same "episode" because the sales involved the same undercover officer, location, amount of drugs,

2

and price.  Based on the Supreme Court's decision in Shepard,[1] Simmons asserted

that the sentencing court was not permitted to use police reports to determine the

nature of his prior convictions.  Simmons contended that no Shepard-approved

document demonstrated that his Florida convictions constituted "serious drug

offenses."

At the sentencing hearing, Simmons presented two arguments challenging

his classification as an armed career criminal: (1) that the Shepard-approved

documents failed to show which subsection of Fla. Stat. § 893.13 formed the basis

of Simmons's prior convictions and (2) that the two January 1994 drug sales

constituted a single criminal episode.  The district court overruled Simmons's

objections to his ACCA classification.  The district court then sentenced Simmons

to the statutory mandatory minimum sentence of 180 months' imprisonment.

I.

On appeal, Simmons first challenges the district court's determination that

his Florida convictions under Fla. Stat. § 893.13 constituted "serious drug

offenses" for purposes of the ACCA.

---

[1] Shepard v. United States, 544 U.S. 13 (2005).

3

We review de novo whether a prior conviction qualifies as a "serious drug offense" under the ACCA. United States v. Longoria, 874 F.3d 1278, 1281 (11th Cir. 2017).

The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and who has 3 prior convictions for a violent felony or a serious drug offense "committed on occasions different from one another" is subject to a 15-year statutory minimum sentence. 18 U.S.C. § 924(e)(1). To qualify as a "serious drug offense," a state conviction must (1) involve manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance and (2) carry a maximum prison term of at least ten years. Id. § 924(e)(2)(A)(ii).

In determining whether a conviction qualifies as a serious drug offense, courts generally apply a categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense, instead of the actual facts underlying the defendant's prior conviction." United States v. Robinson, 583 F.3d 1292, 1295 (11th Cir. 2009) (quotations omitted). When -- as in this case -- the statute of conviction lists alternative statutory phrases that define different crimes, courts apply a modified categorical approach. See Descamps v. United States, 570 U.S. 254, 257 (2013); Spaho v. U.S. Att'y Gen., 837 F.3d 1172, 1177 (11th Cir. 2016) (in the immigration context, explaining that Fla. Stat. § 893.13 is a

4

divisible statute and thus subject to the modified categorical approach).  This approach allows for a limited inquiry into the facts underlying the prior conviction to determine which alternative statutory phrase formed the basis for the defendant's conviction.  Descamps, 570 U.S. at 263.  Under the modified categorical approach, the district court is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

Simmons contends that the Shepard-approved state court judgments underlying his Florida drug convictions were insufficient to demonstrate what subsection of Fla. Stat. § 893.13 formed the basis of his convictions.  We disagree. Each of the state court judgments provided that Simmons was convicted of a second-degree felony for the "sale of cocaine" in violation of Fla. Stat. § 893.13. Although the state court judgments identified no specific statutory subsection, only one subsection of Fla. Stat. § 893.13 makes it a second-degree felony to sell cocaine: section 893.13(1).

That a conviction under Fla. Stat. § 893.13(1) constitutes a serious drug offense under the ACCA is clear.  See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014).  The district court thus committed no error in concluding that

5

Simmons's Florida sale-of-cocaine convictions constituted qualifying serious drug offenses under the ACCA.

## II.

Simmons next challenges the district court's determination that his three Florida drug convictions occurred on different occasions.

We review de novo whether a defendant's "prior offenses meet the ACCA's different-occasions requirement." Longoria, 874 F.3d at 1281.

A defendant is subject to an enhanced sentence under the ACCA "if each of the three previous convictions arose out of a separate and distinct 'criminal episode.'" United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998). "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small." Id. at 690.

"[W]hen the crimes occur at distinctly different times, completion of the first crime before commencement of the second indicates that they are distinct criminal episodes." Id. "[S]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." Id. at 692. Crimes are considered "successive" when "the defendant had

6

a meaningful opportunity to desist activity before committing the second offense and the crimes reflect distinct aggressions." United States v. McCloud, 818 F.3d 591, 595 (11th Cir. 2016) (quotations and alterations omitted).

When a dispute is presented on whether a defendant's prior offenses of conviction were committed on different days, a sentencing court is limited to examining Shepard-approved documents. United States v. Sneed, 600 F.3d 1326, 1332-33 (11th Cir. 2010). A sentencing court may also make factual findings "based on undisputed statements in the PSI, but may not rely on those portions to which the defendant objected 'with specificity and clarity,' unless the Government establishes the disputed facts by a preponderance of the evidence." McCloud, 818 F.3d at 595-96.

Never has Simmons disputed that his three Florida sale-of-cocaine convictions arose out of sales that, in fact, occurred on three different days. Simmons has said to the courts consistently -- in his written objections to the PSI, in his arguments at the sentencing hearing, and later in his appellate brief to us[2] --

---

[2] In Simmons's objections to the PSI, on pages 2-3, he argued that even though the drug sales took place on different days, the sales were part of the same episode. On pages 3-5 of his objections, Simmons discussed caselaw interpreting the ACCA's different-occasions requirement and Shepard but made no unambiguous challenge to the fact that the sales actually occurred on different days. At the sentencing hearing, Simmons's lawyer said (see pages 25 and 26 of the transcript) that the sales happened on separate days. On pages 6 and 18 of Simmons's appellate brief, Simmons states again that the sales were made on different days.

7

that his convictions arose out of drug sales that occurred on 7 October 1993, 21 January 1994, and 25 January 1994. Given Simmons's own representation to the courts, the sentencing court was entitled to treat as undisputed these facts in finding that Simmons's drug offenses occurred on three different and separated days.

As a legal matter, Simmons contends the two January 1994 drug sales made on different days were part of one criminal episode because they each involved the sale of the same amount of cocaine to the same undercover officer in the same location. These similarities, however, are insufficient to establish that the two sales were part of a single criminal episode.

Simmons committed the 21 January drug sale and then -- four days later -- committed another sale. Enough time elapsed between the completion of the first sale and Simmons's decision to commit the second sale to give Simmons a meaningful opportunity to desist his criminal activity. See Pope, 132 F.3d at 692 (concluding that convictions for burglarizing two offices on the same night were separate criminal episodes because "the defendant could have chosen to desist after completing his first crime" but, instead, "made a conscious decision" to commit a second burglary). The district court committed no error in determining that the

8

offenses underlying Simmons's three drug convictions occurred on different occasions within the meaning of the ACCA.

AFFIRMED.