[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11936
Non-Argument Calendar

_____

Agency No. A035-307-537

FLOYD RUPERT MURRAY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 23, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Pro se petitioner Floyd Murray is a native and citizen of Trinidad and Tobago. He seeks review of the Board of Immigration Appeals' (BIA) final order dismissing his appeal from an Immigration Judge's (IJ) decision pretermitting his application for cancellation of removal. Murray argues that he met his burden of showing that he was not convicted of an aggravated felony and is therefore eligible for relief. He also argues that his rights were violated under the Due Process Clause and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). After careful review, we conclude, first, that Murray failed to prove that he was not convicted of an aggravated felony. Second, the record does not support the claim that Murray's due process rights were violated. Third, we lack jurisdiction to review Murray's CAT claim, as it was not exhausted below. Therefore, we deny the petition in part and dismiss the petition in part.

## I.

Murray came to the United States as a lawful permanent resident in 1975. In 2018, he pleaded no contest to one count of possession of cocaine (case number 2018-0080) and one count of selling cocaine (case number 2018-0064), in violation of Fla. Stat. § 893.13(1)(a). A state court sentenced him to 15 months of incarceration.

In May 2019, the Department of Homeland Security (DHS) served Murray with a Notice to Appear that charged him with being removable based on his conviction for an offense relating to a controlled substance, pursuant to the Immigration and Nationality Act (INA) § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).  Murray had a hearing before an IJ.  Choosing to proceed pro se, he admitted the factual allegations contained in the Notice to Appear.  Accordingly, the IJ found that DHS had met its burden to establish removability and sustained the charge that Murray was convicted of a controlled substance offense.

Next, the IJ inquired whether Murray qualified for any relief or protection from removal.  The IJ noted that a conviction for the sale of cocaine under Fla. Stat. § 893.13(1)(a) qualifies as an illicit trafficking aggravated felony, which would bar eligibility for relief.  Finding that Murray had failed to carry his burden of showing that he was not convicted of an aggravated felony, the IJ concluded that Murray was ineligible for cancellation of removal.  The IJ ordered Murray to be removed from the United States to Trinidad and Tobago.

Murray appealed to the BIA.  In his pro se brief in support, he made two arguments.  First, he argued that he was eligible for cancellation of removal.  He argued that his convictions under Fla. Stat. § 893.13(1)(a) did not qualify as aggravated felonies under the INA because the record of conviction was

3

ambiguous, and his conviction rested on the least of the acts criminalized by the Florida statute.  Second, Murray argued that his due process rights were violated during the IJ proceedings.

The BIA remanded.  It found that although the IJ had properly placed the burden on Murray to show that he was eligible for relief from removal, the IJ had not given Murray an opportunity to prove that his convictions did not render him ineligible.  After remand, the IJ granted Murray two continuances to allow him to carry the burden of showing that his state court conviction was not for an aggravated felony.  Murray submitted documents to the IJ, including his no contest plea to the two charges under Fla. Stat. § 893.13(1)(a).

On January 29, 2020, the IJ held a final hearing.  There, the IJ clarified Murray's record of conviction, asking Murray to confirm that his two underlying Florida convictions were for possession of cocaine and the sale of cocaine.  Murray confirmed that those were his underlying convictions.  The IJ then explained to Murray that he had been given two months to show that he was not convicted of an aggravated felony, and that he had failed to carry his burden of proof.  As a result, the IJ ordered Murray removed to Trinidad and Tobago and reaffirmed its earlier decision that Murray was not eligible for cancellation of removal.

4

Murray again appealed to the BIA, making the same arguments he made on his first appeal. In May 2020, the BIA affirmed the IJ's decision without opinion. Murray responded by timely filing the present petition for review.

II.

We review only the BIA's decision, unless the BIA "expressly adopts the IJ's opinion, in which case we review the IJ's decision as well." *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1176 (11th Cir. 2016). We review de novo whether a conviction qualifies as an aggravated felony. *Id.*

III.

In his petition, Murray argues that he is eligible for cancellation of removal because he is not an aggravated felon. He also raises arguments under the Due Process Clause and the CAT.

A.

We begin with Murray's argument that he is eligible for cancellation of removal. Cancellation of removal is a discretionary form of relief. After a removal order has been entered, an individual may ask the United States Attorney General to cancel that removal. *See* 8 U.S.C. § 1229b. To be eligible for this relief, a permanent resident like Murray must show, in part, that he has not been convicted of an aggravated felony. *Id.* § 1229b(a)(3). Among the crimes that the INA defines as aggravated felonies are "illicit trafficking in a controlled substance

. . . including a drug trafficking crime." *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1280 (11th Cir. 2013).

To assess whether a state conviction qualifies as an aggravated felony, courts generally use the categorical approach to determine whether the state offense is comparable to the offense defined by the INA. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). Under the categorical approach, courts determine whether the state statute categorically fits within the generic federal definition of a corresponding aggravated felony. *Id.* In these circumstances, a court must presume that the state conviction rested upon nothing more than the least of the acts criminalized, and then determine if those criminalized acts are encompassed by the generic federal offense. *Id.* at 190–91.

However, the categorical approach does not apply to statutes that are deemed "divisible," meaning the statute "lists a number of alternative elements that effectively create several different crimes." *Spaho*, 837 F.3d at 1177. In the context of divisible statutes, the modified categorical approach applies. *Id.* at 1176–77. Under the modified categorical approach, courts may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 1177.

The Florida statute under which Murray was convicted provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell,

manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a).  In *Spaho*, we held that § 893.13(1)(a) is divisible, and that the modified categorical approach applies.  837 F.3d at 1177–79.  This is because the alternative elements set forth in the statute create several different crimes.  *Id.*  Some conduct prohibited by the statute—sale and possession with intent to sell illicit substances—qualifies as an aggravated felony, while other conduct prohibited by the statute may not qualify.  *Id.* at 1179.

The question for the IJ, then, was whether Murray had a conviction under § 893.13(1)(a) that was for the sale of an illicit substance or possession with intent to sell an illicit substance.  In resolving this question, the IJ placed the burden on Murray to show that he was not convicted under a part of the statute that is an aggravated felony.

Until quite recently, it was unclear whether an individual convicted of violating a divisible statute bears the burden of showing that he is eligible for discretionary relief.  *See Francisco v. U.S. Att'y Gen.*, 884 F.3d 1120, 1134 n.37 (11th Cir. 2018).  But the Supreme Court has now held that the INA places the burden squarely on the applicant.  *Pereida v. Wilkinson*, 2021 WL 816351, at *4 (U.S. Mar. 4, 2021).  This means that an applicant convicted under a divisible statute that contains some crimes that qualify as aggravated felonies "must prove that his actual, historical offense of conviction isn't among them."  *Id.* at *6.

7

Where the conviction record is inconclusive, the applicant fails to carry his burden. *Id.*

Based on the conviction documents and plea agreement, Murray did not prove that he is eligible for cancellation of removal. The judgment for case number 2018-0064 listed Murray's charge as "sale of cocaine." Murray's plea agreement also listed the charge as "sale of cocaine." And none of the other documents Murray submitted to the IJ shed further light on the nature of this conviction. So, even if the conviction record were ambiguous, the IJ correctly concluded that Murray failed to carry the burden of showing that his conviction in case number 2018-0064 was not for the sale of cocaine—an aggravated felony. As a result, we deny Murray's petition in this respect.[1]

### B.

Finally, we address two additional claims raised in Murray's petition. First, Murray argues that his due process rights were violated. Noncitizens are entitled to due process of law during removal proceedings. *Sama v. U.S. Att'y Gen.*, 887 F.3d 1225, 1234 (11th Cir. 2018). Due process requires notice and an opportunity to be heard. *Id.* The BIA must "consider all evidence introduced by the

---

[1] To the extent Murray also challenges the removal order itself, we lack jurisdiction to review that claim. The INA limits our jurisdiction, providing that no court shall have jurisdiction to review a final order of removal against an individual who is removable because he committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). Therefore, based on our analysis above, the INA bars our review.

applicant," although it need not "address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Id.* at 1235. Here, Murray was afforded notice and several opportunities to be heard, in accordance with due process principles. And there is no indication that the IJ or BIA failed to consider all evidence before it. Therefore, we deny Murray's petition to this extent.

Second, Murray argues that the IJ erred in denying him relief under the CAT. However, we lack jurisdiction to review arguments that were not exhausted before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). To exhaust a claim, it is not enough that a petitioner merely identified an issue before the BIA. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). The petitioner must raise the "core issue" before the BIA and set out any discrete arguments he relies on in support of that claim, in order to give the agency a "full opportunity" to consider his claim and compile a record that will be adequate for future judicial review. *Id.*

Murray did not seek CAT relief before the IJ. And although the IJ found that Murray was not entitled to CAT relief, Murray did not raise that issue before the BIA. Therefore, that argument is unexhausted and unreviewable. *See Amaya-Artunduaga*, 463 F.3d at 1250. As a result, we dismiss Murray's petition in this respect.

9

**PETITION DENIED IN PART, DISMISSED IN PART.**