[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-11720
Non-Argument Calendar
_____

Agency No. A075-427-870

FANIE SIMON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 2, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

In June 2017, Fanie Simon, a native of the Bahamas, citizen of Haiti, and lawful permanent resident of the United States, was convicted of multiple drug

offenses under Florida state law, including sale of cocaine. As a result, the government initiated removal proceedings in September 2020, charging her as removable for having been convicted of a controlled-substance offense, *see* 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, *see id.* § 1227(a)(2)(A)(iii). Simon, represented by counsel, contested the second ground, but an immigration judge ("IJ") found her removable as charged. The IJ also denied her request for termination or administrative closure of the removal proceeding pending the resolution of an evidentiary hearing in state court on her motion for postconviction relief. Simon appealed to the Board of Immigration Appeals ("BIA"), which affirmed. The BIA agreed that Simon's conviction for sale of cocaine under Fla. Stat. § 893.13(1)(a)(1) was an aggravated felony under § 1227(a)(2)(A)(iii) and that closure or termination was not warranted because her conviction remained final for immigration purposes.

Simon, proceeding *pro se*, now petitions this Court for review. She also moves to proceed without paying the final fee, or *in forma pauperis* (IFP), arguing that she "would no longer be considered removable" had she been allowed to pursue postconviction relief before the final removal hearing. The government moves to summarily deny the petition on the ground that the BIA's decision is plainly correct. Because there is no substantial question as to the outcome of the appeal and the

2

government's position is correct as a matter of law, we grant the government's motion for summary denial and deny Simon's motion for leave to proceed IFP.

We apply similar standards when considering IFP and summary disposition. We may summarily dispose of appeals where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  Similarly, leave to proceed IFP may properly be denied where the appeal is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When a noncitizen has been convicted of an aggravated felony, we lack jurisdiction to review the final order of removal except for "constitutional claims and questions of law." *See* 8 U.S.C. § 1252(a)(2)(C), (D).  Whether a petitioner has a "conviction" and whether that conviction counts as an "aggravated felony" are questions of law that we review *de novo*. *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1176 (11th Cir. 2016); *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 809–12 (11th Cir. 2006).

Section 1227(a)(2)(A)(iii) provides that a noncitizen who is "convicted of an aggravated felony at any time after admission" is removable.  8 U.S.C. § 1227(a)(2)(A)(iii).  The term "aggravated felony" means, among other things,

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

"illicit trafficking in a controlled substance, . . . including a drug trafficking crime" as defined in federal law. 8 U.S.C. § 1101(a)(43)(B). Under this Court's precedent, a conviction for sale of cocaine under Fla. Stat. § 893.13(1)(a)(1) qualifies as an illicit trafficking aggravated felony for purposes of § 1227(a)(2)(A)(iii). *Choizilme v. U.S. Att'y Gen.*, 886 F.3d 1016, 1029 (11th Cir. 2018); *Spaho*, 837 F.3d at 1179; *see* Fla. Stat. 893.13(1)(a) ("[A] person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."). Furthermore, a conviction remains effective for immigration purposes unless it was "vacated based on a procedural or substantive defect in the underlying proceedings." *Ali*, 443 F.3d at 812.

Here, Simon's challenge to the BIA's decision is without arguable merit in law. The record before the BIA clearly shows that she was convicted of sale of cocaine under Fla. Stat. § 893.13(1)(a), not § 893.135(1)(c) as she asserted below. Because sale of cocaine under § 893.13(1)(a) counts as an illicit trafficking aggravated felony under our precedent, there is no question that Simon was removable under § 1227(a)(2)(A)(iii). *See Choizilme*, 886 F.3d at 1029; *Spaho*, 837 F.3d at 1179.

Moreover, Simon's conviction remained valid for immigration purposes because, despite her pursuit of postconviction remedies in state court, it had not been "vacated based on a procedural or substantive defect in the underlying proceedings."

4

*Ali*, 443 F.3d at 812. Nor does she indicate that it has since been vacated. And we lack jurisdiction to review the BIA's discretionary decision not to terminate or close proceedings pending the resolution of her postconviction claims because that decision does not present a constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Arias v. U.S Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (explaining that "we lack jurisdiction over abuse of discretion claims" even if they are "couched in constitutional language").

For these reasons, we conclude that there is "no substantial question as to the outcome of the case" because the BIA's decision, to the extent we have jurisdiction to review it, is clearly correct as a matter of law. Simon was and remains convicted of sale of cocaine under Fla. Stat. § 893.13(1)(a)(1), which is an aggravated felony that made her removeable under § 1227(a)(2)(A)(iii).

We therefore **GRANT** the government's motion to summarily deny the petition for review and **DENY** Simon's motion for leave to proceed IFP.

**PETITION DENIED.**

5